evidence does not disclose that the jury erred to the extent of authorizing the Law Court to interfere with the verdict upon the question of liability.

The plaintiff, however, claims that even if the defendant was liable the damages assessed by the jury were excessive The assessment of damages is peculiarly a question for the judgment of a jury. The verdict was for $194. While large, yet it was a matter of judgment for the jury, and is not so excessive as to warrant the intervention of the court. Motion overruled. *Fellows & Fellows*, for plaintiff. *Frederick R. Dyer*, for defendant.

---

JAMES H. GRAY, Adm'r *vs.* AMANDA M. BASLEY AND TRUSTEE.

SAME *vs.* ETHEL BASLEY AND TRUSTEE.

Washington County. Decided November 15, 1923. This is an action of trover brought by James H. Gray, Administrator of the estate of John S. Calkins, deceased, against each of the defendants for the alleged conversion of the stock in trade of said John S. Calkins, described in a bill of sale marked Defendant's Exhibit 1, the admitted value of which is $6,823.43, and is before this court upon a motion for a new trial upon the usual grounds.

The case depends upon the validity of this bill of sale which in turn hinges upon the mental capacity of said John S. Calkins at the specific time when said Calkins signed this bill of sale, i. e., about one o'clock in the afternoon of July 8, 1920.

The evidence upon the mental capacity of John S. Calkins to execute the bill of sale in question was very conflicting, and may be said to have left the decision of the case upon the preponderance of the evidence; in other words, the case was so close that the court is of the opinion that a verdict either way rendered by a jury would be based upon such evidence as would fail to justify the court in interfering. Accordingly whatever decision the court might have rendered had they the powers of a jury, they are of the opinion that, inasmuch as the jury has found a verdict upon the evidence which presented a

pure question of fact, they are not justified in disturbing the verdict. Motion overruled. *J. H. Gray and Gray & Sawyer*, for plaintiff. *H. E. Saunders, Oscar L. Whalen and L. H. Newcomb*, for defendants.

---

### STATE vs. RALPH KEATING.

Somerset County. Decided November 17, 1923. This is a criminal prosecution by complaint and warrant against the respondent for transportation of intoxicating liquor with intent that the same should be sold in the State of Maine in violation of law, and upon appeal from the Western Somerset Municipal Court the case was tried before a jury in the Appellate Court. In the lower court the respondent pleaded guilty but in the Appellate Court, by consent of the presiding Justice, he was allowed to retract that plea and thereupon pleaded that he was not guilty.

After completion of the evidence his counsel moved that the court direct a verdict for the respondent, which motion was overruled, and thereupon exception was taken to that ruling. The complaint and warrant, plea, the evidence, and all docket entries are made part of the bill of exceptions.

The case was then submitted to the jury and verdict of guilty was returned.

That the respondent had the legal right to except to the refusal of the presiding Justice to direct a verdict in his favor, and that when the evidence in support of an indictment or complaint is so slight that a verdict based upon it would not be allowed to stand, it is the duty of the presiding Justice to direct the verdict in favor of the respondent, are such familiar and well-settled principles of law that citation of authorities is not necessary. The decision of this court upon the merits of the exception must rest upon a careful examination of the record, which task has been done. The defense was somewhat unique but to court and jury was not credible. On the other hand the testimony offered by the State, and the reasonable inferences to be drawn therefrom, justify the ruling of the presiding Justice. Exceptions overruled. Judgment for the State. *James H. Thorne, County Attorney*, for the State. *Pattangall, Locke & Perkins*, for respondent.